DOROTHY BROWN, Plaintiff-Appellant, v. K.J.S. COMPANY, as Managing Agent for the Beneficiaries of Trust No. 24449, *et al.*, Defendants-Appellees.

Second District   No. 2—88—1269

Opinion filed October 2, 1989.—Rehearing denied November 9, 1989.

Sam Cuba, of Jeffrey D. Schultz, Ltd., of Chicago, for appellant.

Kathleen M. Viglione, of Ryan & Viglione, of Waukegan, for appellees.

JUSTICE REINHARD delivered the opinion of the court:

Plaintiff, Dorothy Brown, appeals from an order of the circuit court of Lake County dismissing her second amended complaint against defendants, K.J.S. Company and Joseph and Eleih Serafine, in her negligence action seeking recovery for injuries allegedly sustained when she slipped and fell on wet, icy stairs outside an apartment leased to her by defendants.

The only issue raised on appeal is whether the circuit court erred in finding that the complaint failed to establish a duty owed to plaintiff, either under the terms of the lease or by prior conduct of defendants, and therefore did not state a cause of action.

Plaintiff's second amended complaint alleged that defendants, as owners and leasing agents for the owners of an apartment, owed a duty to plaintiff, as tenant, pursuant to the lease to make reasonable inspections of the stairs at reasonable times and to make reasonable repairs of the stairs. The complaint further alleged that defendants owed a duty to construct and maintain stairs that would not increase the risk of falling on snow and ice due to the stairs causing a greater accumulation to occur and that defendant, by past conduct, had voluntarily assumed a duty to remove ice and snow. The complaint alleged that defendants' negligent performance of these duties proximately caused plaintiff to fall and injure herself.

Defendants moved to dismiss plaintiff's second amended complaint, relying on their motion to dismiss the first amended complaint. In that motion, defendants contended there was no liability for injuries resulting from natural accumulations of ice and snow, that removal of ice and snow was not within the scope of a covenant to

make reasonable repairs, and that no duty arose as a result of any snow removal undertaken in the past.

On November 29, 1988, the circuit court entered an order finding that no duty existed on the basis of the lease or any prior undertaking to remove snow and ice and dismissed the complaint "with prejudice," but granted leave to plaintiff to file a third amended complaint "based on common law negligence only." The court's order recited that there was no just reason to delay its enforcement or appeal.

Thereafter, on December 1, 1988, plaintiff filed her third amended complaint, wherein she repeated, *inter alia*, the allegation from the second amended complaint that defendants owed a duty to construct and maintain stairs which would not increase the risk of falling by making a greater accumulation of ice and snow occur. Defendants filed an answer to this complaint. Plaintiff, on December 28, 1988, filed her notice of appeal from the order of November 29, 1988.

■ Before proceeding to the merits of this appeal, we must determine whether we have jurisdiction to review the order appealed from. Though neither party raises the issue, we have a duty to consider our jurisdiction and dismiss an appeal if jurisdiction is wanting. *Ferguson v. Riverside Medical Center* (1985), 111 Ill. 2d 436, 440, 490 N.E.2d 1252; *Voiland v. Warsawsky* (1989), 182 Ill. App. 3d 332, 334, 538 N.E.2d 764.

■ Supreme Court Rule 304(a) (124 Ill. 2d R. 304(a)) provides that in an action involving multiple parties or multiple claims for relief, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court makes a special finding that there is no just reason for delaying enforcement or appeal. However, the mere statement of a single claim in several ways does not warrant a separate appeal; and a trial court, where such is the case, cannot confer appellate jurisdiction by a finding that there is no just reason for delaying enforcement or appeal. *Cunningham v. Brown* (1961), 22 Ill. 2d 23, 25, 174 N.E.2d 153.

■ In the instant case, despite the trial court's finding of no just reason to delay enforcement or appeal, the order of November 29, 1988, was not a final judgment as to a separate claim appealable under Rule 304(a). Plaintiff's single-count, second amended complaint did not involve multiple claims, but only a single claim of negligence, as does the third amended complaint. While plaintiff's second amended complaint alleged various sources of a duty owed by defendant to plaintiff, it only advanced one theory of recovery, negligence. (See *Hull v. City of Chicago* (1987), 165 Ill. App. 3d 732, 733, 520 N.E.2d 720.) It is well established that the statement of a single claim

in several ways, even by multiple counts, does not warrant a separate appeal. (*Cunningham v. Brown* (1961), 22 Ill. 2d 23, 25, 174 N.E.2d 153; *Freeman v. White Way Sign & Maintenance Co.* (1980), 82 Ill. App. 3d 884, 890, 403 N.E.2d 495.) The rule is applicable here where a single claim of negligence is stated several ways in the allegations of a single count. See *Hull*, 165 Ill. App. 3d at 733, 520 N.E.2d at 721.

Here, plaintiff was given leave to file a third amended complaint but was prevented by the circuit court from repeating certain allegations pertaining to duty. These dismissed allegations do not constitute a separate claim from that alleged in the third amended complaint. Plaintiff's second and third amended complaints both advance the same negligence claim, despite the absence of certain allegations in the latter. Accordingly, as the claim based on negligence is still pending below, we are without jurisdiction to review the nonfinal order dismissing the second amended complaint, and the appeal must be dismissed.

Appeal dismissed.

UNVERZAGT, P.J., and WOODWARD, J., concur.