NO. 4-05-0488          Filed: 3/28/06

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| RICHARD L. GROVE and SHIRLEY T. GROVE, | ) | Appeal from |
| Plaintiffs-Appellants, | ) | Circuit Court of |
| v. | ) | Champaign County |
| CARLE FOUNDATION HOSPITAL; CARLE CLINIC | ) | No. 03L7 |
| ASSOCIATION; DR. DAVID ORCUTT; and DR. | ) | |
| PAUL TENDER, | ) | Honorable |
| Defendants-Appellees. | ) | Heidi Ladd, |
| | ) | Judge Presiding. |

_____

JUSTICE APPLETON delivered the opinion of the court:

On March 1, 2005, the trial court entered an order denying plaintiffs'

motion to amend the complaint. On May 13, 2005, the trial court entered an order

finding that its denial of the motion to amend was a final and appealable order under

Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)). Plaintiffs appeal, seeking reversal of

the trial court's order of March 1, 2005. We affirm.

I. BACKGROUND

On January 18, 2001, plaintiff, Richard L. Grove, was admitted to Carle

Foundation Hospital for a routine colonoscopy to be performed by Dr. Eugene

Greenberg. During the procedure, a wire snare became incarcerated around a tumor in

plaintiff's colon. Greenberg could not remove the wire snare. As a result of that

complication, further emergency surgery was required to remove both the tumor and the

wire snare. The emergency surgery did not allow time to treat plaintiff prophylactically

with antibiotics 24 hours prior to the procedure, as is typically done. Dr. David Orcutt

and Dr. Paul Tender performed the second surgery that same day. Plaintiff developed a postoperative wound infection during his hospitalization, for which he was treated by Orcutt and Tender. Plaintiff remained in the hospital until January 27, 2001.

Within two years of the colonoscopy, on January 13, 2003, plaintiffs, Richard L. Grove and his wife, Shirley T. Grove, filed a complaint for personal injuries against defendants, Carle Foundation Hospital, Carle Clinic Association, Dr. David Orcutt, and Dr. Paul Tender. The original complaint alleged negligence against Orcutt and Tender for their treatment of the infection after the second surgery. The original complaint alleged negligence against the hospital for the actions of Orcutt and Tender under a theory of respondeat superior. Further, the original complaint asserted acts and omissions that took place during the Greenberg surgery but did not assert that those acts deviated from an acceptable standard of care.

On December 9, 2004, plaintiffs deposed Dr. Samuel Feinburg, a subsequent treating physician. Plaintiffs assert it was not until the Feinburg deposition that they became aware that Greenberg's conduct and surgical techniques, in attempting to remove a tumor with a colonoscopic wire snare, may have fallen below the minimum standard of medical care.

On December 14, 2004, plaintiffs filed a motion to amend the complaint in order to add additional elements of negligence based on information gained during the Feinburg deposition. The amendment did not seek to add Greenberg as a defendant. Instead, the amendment sought to add the following substantive changes, as indicated by the italicized language below:

"At all times mentioned herein, defendants Orcutt and

˘ 2 ˘

Tender, as well as Dr. Eugene Greenberg, were employees and/or agents of Carle Clinic and Carle Foundation Hospital and were acting within the scope of their employment." (Emphasis added.) (Paragraph 6)

"As a result of complications during the colonoscopic surgical procedure performed on January 18, 2001, by Dr. Eugene Greenberg, further emergency surgery was required and necessitated to remove a wire snare that was incarcerated in the colon of the plaintiff. Furthermore, the aforesaid complication and the entrapment of the wire snare, and the resulting emergency surgery, was a result of the improper utilization, technique or application by Dr. Eugene Greenberg of the wire snare for the purpose or procedure he was attempting to perform." (Emphases added.) (Paragraph 8) (language specifying that the subsequent surgery was performed by Tender and Orcutt was removed in the amended paragraph).

"In disregard [of] their duty to plaintiff in connection with his medical care and treatment, defendants were then and there guilty of one or more of the following negligent acts or omissions:

   (a) Failed to perform a deep tissue culture of the wound infection;

(b) Failed to administer type[-]IV antibiotics longer than 3 days;

(c) Following cessation of type[-]IV antibiotics, failed to place the plaintiff on oral antibiotics at discharge for a period of time to be determined through out-patient follow-up;

(d) Improperly utilized and/or applied the wire snare device for the purpose or procedure Dr. Eugene Greenburg was attempting to perform, which purpose or procedure was beyond the scope of his skills or medical specialty as well as beyond the manufacturer's design or intended purpose or usage of the device." (Emphasis added.) (Paragraph 13).

On January 12, 2005, defendants filed an objection to the motion for leave to amend the complaint, arguing (1) that the amended complaint sought to add elements of negligence based on conduct of which plaintiffs were aware both at the time the conduct occurred and at the time the original suit was filed; (2) that the amended complaint sought to add a new legal theory which raised facts and issues not previously raised and not previously the subject of any discovery; and (3) that the new legal theory was barred by the two-year statute of limitations.

On January 28, 2005, plaintiffs filed a response to defendant's objection to the motion to amend the complaint. Plaintiffs argued that the trial court should allow the amendment pursuant to the relation-back exception to the statute of limitations. 735 ILCS 5/2-616(b) (West 2004).

On February 22, 2005, the trial court heard oral argument on the motion to

amend.  Defendants claimed surprise and prejudice, arguing that the original complaint never focused on conduct in the original surgery; rather, it focused on negligence occurring as a result of the infection that manifested itself after the original surgery.  Also at the February 22 hearing, the trial court vacated the case-management order that had previously required all discovery to be completed by February 5, 2005, allowing more time for further discovery.

On March 1, 2005, the trial court entered an order denying plaintiffs' motion to amend the complaint.  The court held that the proposed amendment was untimely because it did not relate back to the filing of the original complaint.

On May 13, 2005, the trial court entered an order finding that its earlier order denying plaintiffs' motion to amend the complaint was a final and appealable order under Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)).

This appeal followed.

## II. ANALYSIS

### A. Our Subject-Matter Jurisdiction

Before proceeding to the merits of this appeal, we must first consider defendants' motion to dismiss the appeal on the ground that we lack jurisdiction under Supreme Court Rule 304(a) to review the denial of plaintiffs' motion to amend the complaint.  155 Ill. 2d R. 304(a).

An order must be final for an appellate court to have jurisdiction over an appeal.  Rice v. Burnley, 230 Ill. App. 3d 987, 990, 596 N.E.2d 105, 107 (1992).  An order is final if it terminates litigation between parties on the merits or disposes of rights of parties, either on the entire controversy or on a separate branch thereof.  Hull v. City

<u>of Chicago</u>, 165 Ill. App. 3d 732, 733, 520 N.E.2d 720, 721 (1987).

Rule 304(a) permits appeals from orders that do not dispose of an entire proceeding:

> "'If multiple parties or multiple claims for relief are in-
> volved in an action, an appeal may be taken from a final
> judgment as to one or more but fewer than all of the parties
> <u>or</u> <u>claims</u> only if the trial court has made an express written
> finding that there is no just reason for delaying enforcement
> or appeal.' "  (Emphasis added.)  <u>Rice</u>, 230 Ill. App. 3d at
> 990-91, 596 N.E.2d at 107 (1992), quoting 134 Ill. 2d R.
> 304(a).

Defendants argue that the order denying plaintiff's motion for leave to amend is not a final order and is, therefore, not appealable.  See <u>Hull</u>, 165 Ill. App. 3d at 733, 520 N.E.2d at 721.  We recognize that Rule 304(a) does not enable a trial court to confer appellate jurisdiction simply by using the Rule 304(a) language that there is no just reason for delaying enforcement or appeal.  <u>Rice</u>, 230 Ill. App. 3d at 991, 596 N.E.2d at 107.  Further, we recognize that stating a single claim of negligence in several ways, by multiple subparagraphs, does not warrant separate appeal upon dismissal of less than all of the subparagraphs.  <u>Hull</u>, 165 Ill. App. 3d at 733-34, 520 N.E.2d at 721; see also <u>Brown v. K.J.S. Co.</u>, 189 Ill. App. 3d 768, 770, 545 N.E.2d 555, 556 (1989).

We do not believe, however, that the above cases cited by defendants speak either to the facts of the instant case, the liberality with which amendments should be allowed, or the policy behind Rule 304(a).  None of the cases cited by

defendants involves a ruling as to finality on a motion for leave to amend.  The Illinois Supreme Court has long recognized that substance, not form, determines whether an order is final.  Pfaff v. Chrysler Corp., 155 Ill. 2d 35, 62-63, 610 N.E.2d 51, 63 (1992), citing St. Joseph Data Service, Inc. v. Thomas Jefferson Life, 73 Ill. App. 3d 935, 938, 393 N.E.2d 611, 614 (1979).  "The law is more than a game of semantics. ***  [F]inality of the judgment or order depends on the basis and substance of the dismissal and the effect of the adjudication."  (Emphasis added.)  Martin v. Masini, 90 Ill. App. 2d 348, 354, 232 N.E.2d 770, 773 (1967).

Here, the trial court denied plaintiffs' motion for leave to amend the complaint, because the proposed amendment was not timely filed, was barred by the statute of limitations, and did not relate back to the original complaint.  The court thereby treated the proposed amendment as a separate claim.  In so denying the proposed amendment, the court made a final disposition as to that separate claim.  For these reasons, we find the court correctly conferred appellate jurisdiction under Rule 304(a), and we deny defendants' motion to dismiss the appeal.

B. Motion for Leave To Amend

Illinois law supports a liberal policy of allowing amendments to the pleadings so as to enable parties to fully present their alleged cause or causes of action.  Simon v. Wilson, 291 Ill. App. 3d 495, 508, 684 N.E.2d 791, 800 (1997). Moreover, medical malpractice plaintiffs in particular are to be afforded every opportunity to establish a case, and amendments to the pleadings are to be liberally allowed to enable the action to be heard on the merits, rather than brought to an end because of procedural technicalities.  Castro v. Bellucci, 338 Ill. App. 3d 386, 391, 789

N.E.2d 784, 787 (2003), citing Avakian v. Chulengarian, 328 Ill. App. 3d 147, 154, 766 N.E.2d 283, 290 (2002).

Litigants, however, have no absolute right to amend their complaint. Hadley v. Ryan, 345 Ill. App. 3d 297, 303, 803 N.E.2d 48, 54 (2003). The court generally considers four factors in determining whether an amendment to a complaint should be allowed: (1) whether the proposed amendment would cure a defect in the pleading, (2) whether the proposed amendment would surprise or prejudice the opposing party, (3) whether the proposed amendment was timely filed, and (4) whether the moving party had previous opportunities to amend the complaint. Board of Directors of Bloomfield Club Recreation Ass'n v. Hoffman Group, Inc., 186 Ill. 2d 419, 432, 712 N.E.2d 330, 337 (1999).

The Illinois Code of Civil Procedure provides further guidance as to the factors of timeliness and prejudice, stating that any cause of action set up in an amended pleading shall not be time-barred, and shall be said to relate back to the date of the filing of the original pleading, so long as (1) the original pleading was timely filed and (2) it appears from the original and amended pleadings that the cause of action asserted grew out of the same transaction or occurrence set up in the original pleading. 735 ILCS 5/2-616(b) (West 2004). Additionally, a "pleading may be amended at any time, before or after judgment, to conform the pleadings to the proofs, upon terms as to costs and continuance that may be just." 735 ILCS 5/2-616(c) (West 2004).

The standard of review for the trial court's decision to allow or deny a motion to amend a complaint is whether the court abused its discretion. Bloomfield Club, 186 Ill. 2d at 432, 712 N.E.2d at 337.

Plaintiffs first argue that the amendment to the complaint should have been allowed because the purpose of the amendment was to conform the pleadings to what plaintiffs believed the evidence at trial would be, based upon facts adduced during the course of discovery. Plaintiffs' primary position is that the amendment did not assert a new cause of action and should have been allowed under section 2-616(c). We do not find adequate grounds, under the authority of section 2-616(c), to interfere with the trial court's discretion in denying the amendment.

Case law presented by plaintiffs in support of allowing the amendments under section 2-616(c) is not persuasive as applied to the facts of the instant case. See Lee v. Chicago Transit Authority, 152 Ill. 2d 432, 605 N.E.2d 493 (1992); Mills v. County of Cook, 338 Ill. App. 3d 219, 788 N.E.2d 169 (2003); Zook v. Norfolk & Western Ry. Co., 268 Ill. App. 3d 157, 642 N.E.2d 1348 (1994); Giacalone v. Chicago Park District, 231 Ill. App. 3d 639, 596 N.E.2d 731 (1992).

Amendments conform the pleadings to the proofs, and are allowed pursuant to section 2-616(c), if the evidence that supports the amendments is "inextricably intertwined" with evidence relating to other alleged acts and omissions already alleged in the original complaint. Zook, 268 Ill. App. 3d at 167, 642 N.E.2d at 1356. Thus, the focus is on whether the amendment alters the nature and quality of proof required for the defendant to defend itself. Lee, 152 Ill. 2d at 469, 605 N.E.2d at 509.

The proposed amendment in the present case would require defendants to produce different testimony than the testimony required to defend against the original complaint. Allegations in the original complaint required defendants to defend

themselves against the claim that the treatment of plaintiff by Dr. Tender and Dr. Orcutt, including plaintiff's infection, fell below the reasonable standard of care. Thus, defendants would need to present evidence relating to the original alleged acts or omissions of failure to perform a deep-tissue culture, failure to administer type-IV antibiotics for longer than three days, and failure to place plaintiff on oral antibiotics at discharge. Such testimony would inevitably include testimony from surgical and infectious disease experts regarding Dr. Tender's and Dr. Orcutt's treatment of plaintiff's infection. In contrast, evidence supporting the allegations contained in the proposed amendment would at the very least require (1) testimony regarding Dr. Greenberg's training, skills, and experience to determine if the procedure was "beyond the scope of his skills or medical specialty" and (2) testimony regarding the wire snare's design and intended purpose. The evidence supporting the amendment is not "inextricably intertwined" with the evidence supporting the alleged negligent acts or omissions already present in the original complaint. See Zook, 268 Ill. App. 3d at 167, 642 N.E.2d at 1356.

Plaintiffs argue, in the alternative, that section 2-616(b) provides an avenue by which the proposed amendment should have been allowed. Section 2-616(b) does not require that the amendment state the same cause of action as the original pleading, or even a substantially similar cause of action; rather, the test is whether the amended pleadings state a cause of action that grew out of the same transaction or occurrence. Zeh v. Wheeler, 111 Ill. 2d 266, 272-73, 489 N.E.2d 1342, 1345 (1986). Section 2-616(b) aims to limit the danger of prejudice to the nonmoving party in a motion for leave to amend the complaint while still providing claimants an

opportunity to fully present their cause or causes of action: a defendant will not be " 'prejudiced so long as his attention [is] directed, within the [statute-of-limitations period], to the facts that form the basis of the claim asserted against him.' " Zeh, 111 Ill. 2d at 273, 489 N.E.2d at 1345, quoting Simmons v. Hendricks, 32 Ill. 2d 489, 495, 207 N.E.2d 440, 443 (1965). The true inquiry, in this careful balance of interests, is whether the plaintiff is "'attempting to slip in an entirely distinct claim in violation of the [statute] of *** limitations act.'" Simmons, 32 Ill. 2d at 497, 207 N.E.2d at 444, quoting O. McCaskill, Illinois Civil Practice Act Annotated 126-27 (Supp. 1936).

Defendant Carle Foundation Hospital argues that it is prejudiced because the original complaint did not focus on the actions of Greenberg but instead focused on the actions of Tender and Orcutt. The original complaint pleaded that the first surgery was performed by Dr. Greenberg on January 18, 2001, and that it was the initial occurrence for the events that led up to the infection at issue. The original complaint dates the Greenberg surgery as occurring on January 18, 2001; dates the plaintiff's hospitalization between January 18, 2001, and January 27, 2001; and dates the infection as occurring sometime between January 18, 2001, and January 27, 2001. Also, the original complaint indicated that "complications" arose during the colonoscopy performed by Dr. Greenberg and that, because things did not go as planned, "further surgery was required."

We find the facts in the instant case to be disparate from those in Figueroa relied upon by plaintiffs. Figueroa v. Illinois Masonic Medical Center, 288 Ill. App. 3d 921, 681 N.E.2d 64 (1997). In Figueroa, the original complaint alleged negligence for failure to use proper skill and treatment following plaintiff's caesarian section. Just as

˘ 11 ˘

the original complaint in the present case noted the Greenberg colonoscopy procedure but failed to allege that this procedure fell below the standard of care, the original complaint in Figueroa noted the procedures that occurred prior to and during delivery, but did not allege that such procedures deviated from an acceptable standard of care. Figueroa, 288 Ill. App. 3d at 923, 681 N.E.2d at 65. Nearly four years after the original complaint was filed, the plaintiff filed interrogatory answers that disclosed the opinion of their expert that the defendant had acted negligently prior to and during delivery. The plaintiffs in Figueroa sought leave to file an amended complaint, alleging the defendant acted negligently prior to and during delivery. The Figueroa court found that the amended complaint related back to the original because the "defendants were made aware that plaintiffs' claims were predicated upon the treatment that took place during [her] hospitalization." Figueroa, 288 Ill. App. 3d at 925, 681 N.E.2d at 66-67.

Unlike the caesarian section in Figueroa, where the original complaint was for negligence in the treatment of that triggering condition, the amendment propounded by plaintiffs in this case seeks to add a completely distinct procedure to their complaint of negligence. While it is true that but for the problematic result of the colonoscopy, no referral for emergency surgery would have been required, two separate and distinct surgical procedures are at issue.

In McCorry v. Gooneratne, 332 Ill. App. 3d 935, 775 N.E.2d 591 (2002), the plaintiff was first treated at the defendant hospital during a neurosurgery consultation in which the hospital's agents performed a preoperative MRI. The plaintiff then underwent surgery to alleviate pain from disc herniations at two locations. When the plaintiff woke from surgery, plaintiff was unable to move his legs. Agents of the

defendant hospital then performed a postoperative MRI. McCorry, 332 Ill. App. 3d at 938, 775 N.E.2d at 594. The plaintiff sued the hospital for negligence under a theory of respondeat superior. McCorry, 332 Ill. App. 3d at 938, 775 N.E.2d at 595. The original complaint referenced only the preoperative MRI and alleged that it had been misread and misinterpreted. McCorry, 332 Ill. App.3d at 938, 775 N.E.2d at 594. After the statute of limitations had passed, the plaintiff moved to file an amended complaint, which added a new count for direct liability against the hospital for failure to have certain policies regarding transmittal of postoperative MRI evaluations and for failure to timely perform and interpret the plaintiff's postoperative MRI. McCorry, 332 Ill. App. 3d at 938, 775 N.E.2d at 598. In holding that the amended complaint did not relate back to the original complaint, the McCorry court noted that the original complaint did not even assert that the plaintiff had a postoperative MRI. McCorry, 332 Ill. App. 3d at 944, 775 N.E.2d at 599. As in McCorry, the claim arising from Dr. Greenberg's colonoscopy and the subsequent surgery by Dr. Tender and Dr. Orcutt are not of the same causative and interrelated nature. The plaintiff in McCorry was already paralyzed before the postoperative MRI took place.

Defendants next cite Bailey v. Petroff, 170 Ill. App. 3d 791, 797, 525 N.E.2d 278, 282 (1988), in which the original complaint alleged negligence for the prescription of a certain drug during the plaintiff's pregnancy. The amended complaint alleged negligence for a failure to recommend prenatal testing and a failure to diagnose the baby's genetic disorder. Bailey, 170 Ill. App. 3d at 793-94, 525 N.E.2d at 280. The original complaint did not assert alleged acts or omissions regarding prenatal testing, let alone assert that anything had gone wrong during prenatal testing. Bailey 170 Ill. App.

3d at 793-94, 525 N.E.2d at 279.  Further, the amended complaint dropped all references to the alleged negligence in prescribing the drug.  Bailey, 170 Ill. App. 3d at 794, 525 N.E.2d at 280.  The court found that the amendment did not relate back and that the nature of the incidents of the alleged malpractice was "quite different" from that alleged in the original complaint.  Bailey, 170 Ill. App. 3d at 797-98, 525 N.E.2d at 282.

While all of the claims stemmed from the plaintiff's prenatal treatment, the original claim did not provide the defendant notice of the facts underlying the later claim.  Bailey, 170 Ill. App. 3d at 798, 525 N.E.2d at 282.  The amended complaint in Bailey dropped all references to the original claim of negligence in prescribing the drug and replaced it with a completely different allegation.  Bailey, 170 Ill. App. 3d at 794, 525 N.E.2d at 280.  The amended complaint in the instant case did not drop any of the substantive allegations of the original; rather, the amended complaint alleged that acts or omissions already described in the original complaint did in fact constitute negligence.  The reference in the original complaint to the colonoscopy performed by Dr. Greenberg serves only to set out a historical fact.  It does not establish a single cause of ongoing treatment for which defendant Carle was put on notice as to its potential liability.

### III. CONCLUSION

For the forgoing reasons, the order of the trial court denying leave to file their amended complaint pursuant to the relation-back exception to the statute of limitations is affirmed.

Affirmed.

˘ 14 ˘

STEIGMANN, J., specially concurs.

COOK, J., dissents.

JUSTICE STEIGMANN, specially concurring:

After extensive (and respectful) discussion of the issues this case

presents, my colleagues and I have been unable to reach agreement.  On the merits,

they disagree over whether this court should affirm the trial court's order denying

plaintiffs' motion to amend their complaint.  My preference is to dismiss this appeal and

not reach the merits because I do not believe we have jurisdiction under Rule 304(a).

˘ 15 ˘

However, (1) because a 1-1-1 decision of this court is untenable and (2) affirming the trial court's judgment is closer to my preference of dismissing this appeal, I join Justice Appleton's decision to affirm.

Justice Appleton's decision quotes Rule 304(a), makes reference to Rice, Hull, and Brown, and then states the following:

> "[W]e recognize that [the statement of] a single claim of
> negligence in several ways, by multiple subparagraphs, does
> not warrant separate appeal upon dismissal of less than all
> of the subparagraphs."  Slip op. at 6.

Justice Appleton's decision (joined on this point by Justice Cook) then goes on to explain why this analysis of Rule 304(a) does not apply to the present case.  However, I disagree with the effort to distinguish the above three cases.  In my judgment, those cases fully apply to this one and, based upon their holdings, we should dismiss this appeal.

Rule 304(a) provides that if multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an explicit written finding that no just reason exists for declining enforcement on appeal.  134 Ill. 2d R. 304(a).  At issue here is whether this case presents multiple claims or a single claim, as that term is used in Rule 304(a).  For the reasons that follow, I believe this case presents a single claim of negligence, albeit pleaded in different ways.

In Hull, the plaintiff sued the city of Chicago for negligence regarding its maintenance and repair of the roadway where an automobile accident occurred.

Paragraph 7 of count I of the complaint described the city's negligent acts or omissions in 12 separate subparagraphs. Hull, 165 Ill. App. 3d at 733, 520 N.E.2d at 721. On the defendant's motion, the trial court dismissed all but one of those subparagraphs, leaving only the subparagraph that alleged that the defendant was negligent in permitting a chunk or block of concrete to remain on the roadway's driving lanes. The trial court then made a Rule 304(a) finding, and the plaintiff appealed. Hull, 165 Ill. App. 3d at 733, 520 N.E.2d at 721.

The appellate court dismissed the appeal, explaining as follows:

"Plaintiff's action involves a single claim of negligence against one defendant. Although paragraph 7 of plaintiff's complaint alleged various negligent acts or omissions, only one theory of recovery was advanced--negligence. The statement of a single claim in several ways, by multiple subparagraphs, does not warrant a separate appeal upon dismissal of less than all of those subparagraphs. [Citation.] Thus, the dismissal of subparagraphs (b) through (1), which left subparagraph (a) standing, did not determine the merits of a separate cause of action or terminate any litigation between the parties. The order of dismissal merely determined which allegations of negligence would be allowed to remain. The order was not final and appealable. [Citation.]

The Rule 304(a) [citation] finding *** is intended to

apply only where multiple claims or parties are involved.  It is
not designed to permit appeals from orders that dispose of
less than all of the issues in an action involving a single party
and a single claim."  Hull, 165 Ill. App. 3d at 733-34, 520
N.E.2d at 721.

In Rice, the First District Appellate Court followed its earlier decision in
Hull and similarly dismissed an appeal that had been brought purportedly on the basis
of Rule 304(a).  The Rice court explained as follows:

"As in Hull, the plaintiff here has advanced only one theory of
recovery--negligence. *** While the dismissed counts and
the remaining counts deal with different acts or omissions,
they advance the same theory of recovery--namely,
negligence--and accordingly we conclude that the dismissal
of counts VII and VIII did not determine the merits of a
separate claim, and therefore is not a final order."  Rice, 230
Ill. App. 3d at 992, 596 N.E.2d at 108.

In Brown, the Second District Appellate Court also followed the reasoning
in Hull and dismissed the appeal purportedly brought pursuant to Rule 304(a),
explaining as follows:

"Plaintiff's single-count, second amended complaint did not
involve multiple claims, but only a single claim of negligence,
as does the third amended complaint.  While plaintiff's
second amended complaint alleged various sources of a

duty owed by defendant to plaintiff, it only advanced one theory of recovery, negligence. [Citing <u>Hull</u>, 165 Ill. App. 3d at 733, 520 N.E.2d at 721] It is well established that the statement of a single claim in several ways, even by multiple counts, does not warrant a separate appeal." <u>Brown</u>, 189 Ill. App. 3d at 770-71, 545 N.E.2d at 556.

As in the foregoing cases, this case presents a single claim of negligence couched in different terms. In December 2004, when plaintiffs sought to amend their complaint against the hospital, the complaint already alleged the hospital was responsible (under a theory of <u>respondeat superior</u>) for the negligent conduct of Orcutt and Tender. The proposed amendment did not change plaintiffs' claim of negligence; instead, it merely sought to add a third actor, Greenberg, for whose negligent conduct the hospital was also supposedly responsible, again under the theory of <u>respondeat superior</u>. Because the complaint at issue, whether amended or not, presents a single claim of negligence, Rule 304(a) does not apply.

My distinguished colleagues conclude that <u>Hull</u>, <u>Rice</u>, and <u>Brown</u> are distinguishable because they do not "speak either to the facts of the instant case, the liberality with which amendments should be allowed, or the policy behind Rule 304(a)." Slip op. at 6. I disagree with each of these alleged distinctions.

First, while it is true that the facts in this case differ from those in <u>Hull</u>, <u>Rice</u>, and <u>Brown</u>, that observation does nothing to defeat the precedential effect of those cases regarding the meaning and application of Rule 304(a) to this case. The complaint at issue here, whether amended or not, presented a single claim against the

˘ 19 ˘

hospital--namely, negligence based upon <u>respondeat</u> <u>superior</u>. That being so, the holdings in <u>Hull</u> and its progeny--that the statement of a single claim does not warrant a separate appeal under Rule 304(a) when some aspect of that single claim has been dismissed--apply fully to this case.

Second, whatever "liberality" governs in amending complaints is irrelevant to whether this appeal meets the requirements of Rule 304(a), thereby permitting us to exercise jurisdiction. This court is not permitted to consider <u>in</u> <u>any</u> <u>way</u> the merits of the issue that a given appeal would present to us when deciding whether we have jurisdiction to hear that appeal. To hold otherwise would mean that although a given appeal does not technically meet the standards for appealability set by our supreme court, we can nonetheless hear that appeal if we think the trial court judgment sought to be appealed is really, really wrong. Such a rule is not what the supreme court had in mind when it promulgated the rules governing when the Illinois Appellate Court may exercise jurisdiction.

Last, the policy considerations underlying Rule 304(a) are for the supreme court, not this court, to address. Just a few months ago, the supreme court emphasized how this court must strictly abide by its rules, writing as follows:

> "As this court has repeatedly stated, *** the appellate and
> circuit courts of this state <u>must</u> enforce and abide by the
> rules of this court. The appellate court's power 'attaches
> only upon compliance with the rules governing appeals.'
> [Citation.] '[N]either the trial court nor the appellate court has
> the "authority to excuse compliance with the filing

requirements of the supreme court rules governing appeals." [Citation.] ***

*** The appellate court's jurisdiction turns on litigants' compliance with our rules ***." (Emphasis in original.) People v. Lyles, 217 Ill. 2d 210, 216-17, 840 N.E.2d 1187, 1191 (2005).

Lyles should serve as a reminder that when deciding whether we have jurisdiction, we must strictly enforce and abide by the "policy considerations" the supreme court took into account when it promulgated its rules governing appellate court jurisdiction.

My colleagues may be correct that hearing this appeal now would be good policy and further the ends of justice. However, until such time as the Supreme Court of Illinois amends supreme court rules accordingly, our personal views about policy in this area simply do not matter.

JUSTICE COOK, dissenting:

I respectfully dissent. I would reverse the trial court's decision and direct that the amendment be allowed.

## I. JURISDICTION UNDER RULE 304(a)

I agree with Justice Appleton's opinion that we have jurisdiction under Rule 304(a) because the trial court treated the proposed amendment as a separate claim. Slip op. at 8. Whether the same claim is involved is also an issue on the merits: whether the amendment should be allowed under section 2-616(b) because it "grew out of the same transaction or occurrence." 735 ILCS 5/2-616(b) (West 2004). It would be intolerable if we had jurisdiction to affirm (because there was a separate claim) but had no jurisdiction to reverse (because there was then not a separate claim). Once it is determined that the court has jurisdiction to determine the merits of the controversy, "its jurisdiction will not be destroyed by its exercise." Nelson v. Miller, 11 Ill. 2d 378, 392, 143 N.E.2d 673, 680 (1957) (considering long-arm jurisdiction if a person has committed a tortious act within the state); 3 R. Michael, Illinois Practice §6.5, at 68 (1989) (Civil Procedure Before Trial).

I disagree with Justice Steigmann's special concurrence that we do not have jurisdiction under Rule 304(a) because only a single claim, only counts advancing the same theory of recovery, is involved here. Rule 304(a) is limited to cases where there is "a final judgment." 155 Ill. 2d R. 304(a). The rule does not apply to evidentiary rulings, or other interlocutory orders, where there is no final judgment. The striking of a

pleading with a denial of leave to amend, as here, is a final judgment. Many cases have allowed an appeal under Rule 304(a) and gone on to hold that amendment should be allowed under section 2-616(b) because it grew out of the same transaction or occurrence. See, e.g., Castro, 338 Ill. App. 3d at 396, 789 N.E.2d at 792 (only difference between vicarious liability complaints identity of doctor); Avakian, 328 Ill. App. 3d at 157-58, 766 N.E.2d at 291 (same).

When do we have the "multiple claims for relief" required for a Rule 304(a) final judgment? Do we look to the res judicata definition of "claim"? "Claim" is defined very broadly for res judicata purposes: "all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose." Restatement (Second) of Judgments, §24(1), at 196 & Comment c (1982). That broad definition comports with the goal of res judicata to require a plaintiff to seek all relief in a single action. For res judicata purposes, almost every case involves only a single claim; if that is the test for Rule 304(a), it is difficult to imagine any appeal that could be taken under Rule 304(a). For res judicata purposes, even separate theories do not give rise to separate claims. There is a single transaction, a single claim, despite different harms, substantive theories, measures, or kinds of relief. Restatement (Second) of Judgments §24, Comment c (1982); Torcasso v. Standard Outdoor Sales, Inc., 157 Ill. 2d 484, 491, 626 N.E.2d 225, 228 (1993). "Claim" must have a different meaning for purposes of Rule 304(a) than it does for res judicata.

The supreme court has taken a broad view of what constitutes a "claim" under Rule 304(a). "[Rule 304(a)] was intended to apply wherever a final judgment

determines fewer than all the rights and liabilities in issue." Cunningham v. Brown, 22 Ill. 2d 23, 25, 174 N.E.2d 153, 154 (1961) (court accepted jurisdiction and held that dramshop action was the only remedy against tavern operators). Cunningham made it clear that the res judicata definition of "claim" did not apply to Rule 304(a). "[I]t does not matter, in determining whether multiple counts allege multiple claims for relief, that recovery under one would bar recovery of additional damages under the others." Cunningham, 22 Ill. 2d at 25, 174 N.E.2d at 154.

All that is necessary for a Rule 304(a) appeal is that the bases for recovery under the counts that are dismissed be "different" than those under the counts left standing. Heinrich v. Peabody International Corp., 99 Ill. 2d 344, 348, 459 N.E.2d 935, 938 (1984). "This may occur when the grounds for recovery under the various counts derive from different statutes or common law doctrines (Cunningham v. Brown) or when the various theories of recovery require 'different elements *** to establish a proper claim' or involve 'differing standards of plaintiff's conduct which will bar recovery.' " Heinrich, 99 Ill. 2d at 348, 459 N.E.2d at 938, quoting Freeman v. White Way Sign & Maintenance Co., 82 Ill. App. 3d 884, 891, 403 N.E.2d 495, 500 (1980). In Heinrich, the court accepted jurisdiction, holding that dismissal of a count seeking either contribution or indemnification is not rendered unappealable by survival of a count seeking the other.

Under Cunningham and Heinrich, different theories of recovery were one way to show that different claims were involved, but not the only way. Later cases seem to have elevated the presence of different theories into an absolute requirement. "While the dismissed counts and the remaining counts deal with different acts or

omissions, they advance the same theory of recovery--namely, negligence--and accordingly we conclude that the dismissal of counts VII and VIII did not determine the merits of a separate claim, and therefore is not a final order." Rice, 230 Ill. App. 3d at 992, 596 N.E.2d at 108.  I suggest that such rigidity is inappropriate.  In the present case, the fact that the dismissed count sounded in negligence and the remaining counts sound in negligence should not bar a Rule 304(a) appeal.  Where there is a final order, the discretion of the trial court under Rule 304(a) to allow immediate appeal should be recognized where the trial court concludes that immediate appeal will aid in the resolution of the case.  Olympia Hotels Corp. v. Johnson Wax Development Corp., 908 F.2d 1363, 1367 (7th Cir. 1990) (applying Fed. R. Civ. P. 54(b), the federal counterpart to Rule 304(a)); Curtiss-Wright Corp. v. General Electric Co., 446 U.S. 1, 8 n.2, 64 L. Ed. 2d 1, 11 n.2, 100 S. Ct. 1460, 1465 n.2 (1980) (immediate appeal of certified claims would facilitate settlement of remaining claims).

Immediate appeal will certainly aid in the resolution of the present case. Consider how the amendment issue would have to be presented if we did not accept jurisdiction under Rule 304(a).  We would dismiss the appeal and the case would return to the circuit court for trial.  After the trial was completed, the case would again be appealed, at which time we would decide whether the amendment should have been allowed.  If we decided the amendment should have been allowed, the case would return to the trial court for a second trial.  A great deal of time and money would have been wasted.  We can easily decide the question of the amendment now, and we should proceed to do so.  The trial court properly exercised its discretion to find "that there is no just reason for delaying *** appeal" (155 Ill. 2d R. 304(a)) in this case.  The

bases for recovery under the dismissed count are "different" from those under the counts left standing.  Heinrich, 99 Ill. 2d at 348, 459 N.E.2d at 938.  Even if the bases for recovery are not different, the trial court believes they are and must intend for its ruling to have some consequences at trial.

## II. AMENDMENT UNDER SECTION 2-616(b)

Section 2-616 carries forward the policy of the Code of Civil Procedure that formalism in pleadings is to be avoided, that no pleading is bad in substance that contains such information as reasonably informs the opposite party of the nature of the claim or defense that he or she is called upon to meet.  735 ILCS 5/2-612(b) (West 2004).  Under section 2-616, pleadings may be amended at any time, even after judgment.  Under section 2-616, pleadings may even be amended after the statute of limitations has expired, so long as "the cause of action asserted *** grew out of the same transaction or occurrence set up in the original pleading, even though the original pleading was defective."  735 ILCS 5/2-616(b) (West 2004); Castro, 338 Ill. App. 3d at 390, 789 N.E.2d at 787 (purpose is to insure fairness, not enhance technical consider-ations of common-law pleadings).  The concern here is whether plaintiff is " ' "attempting to slip in an entirely distinct claim in violation of the spirit of the limitations act." ' " Sompolski v. Miller, 239 Ill. App. 3d 1087, 1091, 608 N.E.2d 54, 57 (1992), quoting Simmons, 32 Ill. 2d at 497, 207 N.E.2d at 444, quoting O. McCaskill, Illinois Civil Practice Act Annotated 126-27 (Supp. 1936).  For example, if I sue my neighbor over a boundary-line dispute, I am not at liberty to add a count against him for an earlier automobile accident on which the statute of limitations had run.

There is no "entirely distinct claim" in this case.  Dr. Greenberg performed

the colonoscopy on January 18, 2001.  Drs. Orcutt and Tender performed the emergency surgery that same day.  The events in the present case occurred during a single stay in the hospital, involved only a single patient, and occurred during a relatively brief period of time.  (Plaintiff left the hospital on January 27, 2001.)  "Among the factors relevant to a determination whether the facts are so woven together as to constitute a single claim are their relatedness in time, space, origin, or motivation, and whether, taken together, they form a convenient unit for trial purposes."  Restatement (Second) of Judgments §24, Comment b, at 199 (1982).  The original complaint alleged negligence against the hospital for the actions of Orcutt and Tender under a theory of respondeat superior and set out acts and omissions that took place during the Greenberg surgery.  The amended complaint again alleged negligence against the hospital under a theory of respondeat superior but this time added the assertion that Greenberg's use of the wire snare was inappropriate and constituted negligence.  The amendment would have been proper even if the original complaint had not named any employees.  Avakian, 328 Ill. App. 3d at 158, 766 N.E.2d at 293.

Section 2-616(b), which allows amendments so long as the cause of action asserted "grew out of the same transaction or occurrence" (735 ILCS 5/2-616(b) (West 2004)), anticipated the supreme court's adoption of the more liberal transactional test for res judicata purposes.  "[T]he transactional test permits claims to be considered part of the same cause of action even if there is not a substantial overlap of evidence, so long as they arise from the same transaction."  River Park, Inc. v. City of Highland Park, 184 Ill. 2d 290, 311, 703 N.E.2d 883, 893 (1998), citing Restatement (Second) of Judgments §24, Comment b, at 199 (1982).  The 1933 amendment that created the

predecessor of section 2-616(b) shifted from the common-law requirement that the amended pleading set up the same cause of action as the original pleading to a test of identity of transaction or occurrence. Zeh, 111 Ill. 2d at 272, 489 N.E.2d at 1345 (1933 amendment omitted the words "and is substantially the same as"); Avakian, 328 Ill. App. 3d at 154, 766 N.E.2d at 290 (section no longer required that the original and amended pleadings state the same cause of action). Under River Park, transaction and cause of action are now the same thing. The two complaints here were the same cause of action. It is clear that plaintiffs could not have filed a respondeat superior action against the hospital for the actions of Orcutt and Tender and, after that action was resolved, filed a new respondeat superior action against the hospital for the actions of Greenberg. River Park, 184 Ill. 2d at 311-12, 703 N.E.2d at 893. (Plaintiffs, however, could file a subsequent action against new parties not named in the original action. See Saichek v. Lupa, 204 Ill. 2d 127, 137, 787 N.E.2d 827, 833 (2003).)

The hospital's argument that "the original complaint did not focus on the actions of Greenberg but instead focused on the actions of Tender and Orcutt" (slip op. at 10), is a formalistic pleadings argument inconsistent with modern practice. The true question is whether defendant was on notice, before the expiration of the statutory time period, of the facts on which the claim set out in the amended complaint is based. Castro, 338 Ill. App. 3d at 391, 789 N.E.2d at 788; McArthur v. St. Mary's Hospital of Decatur, 307 Ill. App. 3d 329, 335, 717 N.E.2d 501, 505 (1999). In McArthur, the allegations of respondeat superior were not made in the original complaint, but we allowed them to be made in the amended complaint after the statute of limitations had run. "Because these allegations were made against the hospital's codefendants and

were at the heart of plaintiffs' case, the hospital was aware of them and knew the extent of the involvement of its own personnel." McArthur, 307 Ill. App. 3d at 335, 717 N.E.2d at 505. A similar argument was addressed in Castro. "Though Family Medicine claims to have been prejudiced by the lack of focus on the actions of Dr. Belluci-Jackson, we find that it was nevertheless supplied with the essential information necessary to prepare a defense to a claim related to her part in the same occurrence ***." Castro, 338 Ill. App. 3d at 395, 789 N.E.2d at 791. It is inconceivable that the hospital here was unaware of the actions of Greenberg, its employee, who performed the surgery in its operating room. From the very beginning, the hospital had knowledge of those actions, better knowledge than did plaintiffs.

It is interesting to contrast the obligations imposed on plaintiffs to proceed with litigation despite their imperfect knowledge. There is a discovery rule that tolls the running of the statute of limitations; however, "[t]he rule does not mandate that a plaintiff know with precision the legal injury that has been suffered, but anticipates that plaintiff be possessed of sufficient information to cause plaintiff to inquire further in order to determine whether a legal wrong has occurred." Martin v. A & M Insulation Co., 207 Ill. App. 3d 706, 710, 566 N.E.2d 375, 378 (1990). Just as precise knowledge should not be required for plaintiffs, precise knowledge should not be required for defendants.

I disagree with the statements in McCorry and Bailey that the original complaint must provide the defendant "with all of the information necessary for preparation of the defense for the claim asserted later." (Emphasis added.) McCorry, 332 Ill. App. 3d at 944, 775 N.E.2d at 599. Again, those statements take a view of

pleadings that has now been discarded. "Today the function of informing an opponent of one's position is largely accomplished through discovery, a function that was largely fulfilled by the pleadings at an earlier time." 3 R. Michael, Illinois Practice §23.1, at 300 (1989) (Civil Procedure Before Trial); Wolf v. Meister-Neiberg, Inc., 143 Ill. 2d 44, 46-48, 570 N.E.2d 327, 328-29 (1991) (defendants provided with notice of correct location of occurrence before expiration of statute of limitations through depositions and production requests). McCorry concedes that discovery may satisfy the notice requirement but adds a further requirement, that "the defendant must have notice not only of the operative facts, but also of the plaintiff's intention to assert a claim on the basis of those facts." McCorry, 332 Ill. App. 3d at 946, 775 N.E.2d at 601. There is no support in the statute or the decisions of the supreme court for that additional requirement. A litigant investigating a case does not limit his investigation to his opponent's allegations but attempts to learn everything he can about the incident. We should not encourage litigants to close their eyes to facts that are readily apparent.

I disagree with the argument that if the amendment sets up a new theory or a new focus, it cannot be allowed. Illinois is a fact-pleading state. It is not necessary to plead any specific theory of recovery. "A complaint need only allege facts which establish the right to recovery; not only are allegations of law or conclusions not required, they are improper." Illinois Graphics Co. v. Nickum, 159 Ill. 2d 469, 488-89, 639 N.E.2d 1282, 1291 (1994); 3 R. Michael, Illinois Practice §24.2, at 340 (1989) (Civil Procedure Before Trial). "A motion to dismiss does not lie as long as a good cause of action is stated even if that cause of action is not the one intended to be asserted by the plaintiff." Illinois Graphics, 159 Ill. 2d at 488, 639 N.E.2d at 1291. Precise pleadings are

not required.  Amendment may be allowed "even though the original pleading was defective."  735 ILCS 5/2-616(b) (West 2004).  The relation-back doctrine is predicated upon a defendant's awareness of the occurrence or transaction that is the basis for the claim and not upon what diligence a plaintiff exerts.  Avakian, 328 Ill. App. 3d at 158, 766 N.E.2d at 293.

Finally, what will now happen on remand under the majority's order?  Will plaintiffs be limited in the evidence they present at trial?  Will they be foreclosed from discussing the conduct of Dr. Greenberg?  Will the damages be limited to that caused by the other

defendants?  I suggest not.  The injury to Richard appears to be an indivisible one for which all defendants are jointly liable.  See Burke v. 12 Rothschild's Liquor Mart, Inc., 148 Ill. 2d 429, 438-39, 593 N.E.2d 522, 525-26 (1992).  Plaintiff is

entitled to present a complete picture of his injury. Evidence of Dr. Greenberg's conduct would certainly be admissible to explain the conduct of the other defendants.