2020 IL App (1st) 190943-U

No. 1-19-0943

Order filed March 31, 2020

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| SHIRLEY DICKENS, | ) | Appeal from the Circuit |
| | ) | Court of Cook County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 17 CH 13104 |
| | ) | |
| FIFTH THIRD MORTGAGE COMPANY | ) | |
| and AMERICAN ADVISORS GROUP, | ) | Honorable |
| | ) | Anna M. Loftus, |
| Defendants-Appellees. | ) | Judge, presiding. |

_____

JUSTICE LAMPKIN delivered the judgment of the court.
Justice Burke concurred in the judgment.
Presiding Justice Gordon dissented.

**ORDER**

¶ 1    *Held*:   The circuit court did not abuse its discretion in denying plaintiff's request to file an amended complaint after the entry of final judgment.

¶ 2    The circuit court dismissed plaintiff's complaint with prejudice and denied her motion for

reconsideration, which asked the court to make the dismissal without prejudice and allow her leave

to file an amended complaint. On appeal, plaintiff argues that the circuit court abused its discretion in denying her the opportunity to re-plead. For the following reasons, we affirm.[1]

¶ 3                                    I. BACKGROUND

¶ 4      In October 2019, plaintiff Shirley Dickens filed a two-count complaint against defendants Fifth Third Mortgage Company (Fifth Third) and American Advisors Group (American Advisors). According to the complaint, Fifth Third filed suit in September 2015 to foreclose on a mortgage encumbering Dickens' residence. On September 30, 2015, Dickens obtained a reverse mortgage on the property from American Advisors and used the proceeds to pay off the $90,000 balance on the Fifth Third mortgage. Five days later, the complaint alleged, Dickens discovered that her signature on the Fifth Third mortgage was forged. The complaint alleged that Dickens obtained the reverse mortgage from American Advisors, and paid off the Fifth Third mortgage, based on the mistaken belief that the Fifth Third mortgage was valid. In count 1, Dickens sought to rescind both mortgages. In count 2, she sought to recover the money she paid to Fifth Third.

¶ 5      Both defendants moved to dismiss Dickens' complaint under section 2-615 of the Code of Civil Procedure. 735 ILCS 5/2-615 (West 2018). They argued that Dickens failed to state a claim for rescission based on unilateral mistake because she did not allege the exercise of due care or that rescission could restore the parties to their prior positions. In addition, Fifth Third argued that Dickens failed to state a claim for rescission based on fraud because she did not allege any material misrepresentation by Fifth Third. Finally, Fifth Third argued that Dickens failed to state a claim for the return of the money she paid to Fifth Third because she did not allege any misconduct by

---

[1] In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order.

Fifth Third or any facts that would establish the invalidity of the Fifth Third mortgage. Both defendants asked the court to dismiss the complaint with prejudice.

¶ 6    In response, Dickens argued that rescission of her reverse mortgage with American Advisors was appropriate because both she and American Advisors mistakenly believed that the Fifth Third mortgage was valid. She asserted that American Advisors would not have issued a reverse mortgage to pay off the Fifth Third mortgage had it known that her signature on the Fifth Third mortgage was forged. She similarly argued that rescission of the Fifth Third mortgage was appropriate based on the parties' mutual mistake, and that Fifth Third was responsible for her forged signature because it employed the title company that notarized the signature. She asked the court to deny the motions to dismiss, but she did not request leave to file an amended complaint or ask that any dismissal be without prejudice.

¶ 7    After a hearing on January 15, 2019, the circuit court granted the motions to dismiss and dismissed Dickens' complaint with prejudice. No transcript of the hearing is in the record on appeal.

¶ 8    On February 14, 2019, Dickens filed a motion for reconsideration. Among other things, she asked the court to make the dismissal without prejudice and allow her leave to file an amended complaint. Although she did not submit a proposed amended complaint, she suggested that she "should have sought restitution of the money she paid [Fifth Third] because it was paid to satisfy an invalid lien of mortgage." She did not discuss how this proposed claim differed from the claim in count 2 of her complaint. On March 14, 2019, the circuit court denied the motion to reconsider. Dickens then filed a timely notice of appeal.

¶ 9                                            II. ANALYSIS

¶ 10     On appeal, Dickens does not contest the circuit court's dismissal of her complaint. In fact, she concedes that the circuit court "correctly dismissed the complaint." She argues only that the dismissal should have been without prejudice and that she should have been allowed to file an amended complaint. She asserts that, if granted leave, she would file an amended complaint with a claim "for the return of her funds."

¶ 11     We review a trial court's decision denying leave to file an amended complaint for an abuse of discretion. *Clemons v. Mechanical Devices Co.*, 202 Ill. 2d 344, 351 (2002). When a plaintiff seeks to file an amended complaint before the entry of final judgment, leave should be liberally granted. *Tomm's Redemption, Inc. v. Hamer*, 2014 IL App (1st) 131005, ¶ 13; see 735 ILCS 5/2-616(a) (West 2018) ("At any time before final judgment amendments may be allowed on just and reasonable terms," including to "chang[e] the cause of action *** or add[ ] new causes of action."). In those circumstances, the trial court should consider whether the proposed amendment would cure a defect in the pleadings, whether the defendant would be prejudiced by the amendment, whether the proposed amendment is timely, and whether the plaintiff had previous opportunities to amend her pleadings. *Tomm's Redemption*, 2014 IL App (1st) 131005, ¶ 13. After entry of final judgment, however, "a plaintiff has no statutory right to amend a complaint and a court commits no error by denying a motion for leave to amend." *Id.* ¶ 14. The only exception to this rule is for amendments "to conform the pleadings to the proofs." 735 ILCS 5/2-616(c) (West 2018). "A complaint cannot be amended after final judgment in order to add new claims and theories or to correct other deficiencies." *Tomm's Redemption*, 2014 IL App (1st) 131005, ¶ 14.

¶ 12     There is no indication in the record that Dickens sought leave to amend her complaint before the circuit court entered final judgment dismissing the complaint with prejudice. See *FHP*

*Tectonics Corp. v. American Home Assurance Co.*, 2016 IL App (1st) 130291, ¶ 37 (order dismissing complaint with prejudice constitutes final judgment). In her response to defendants' motions to dismiss with prejudice, Dickens did not ask the court to make any dismissal without prejudice and allow her to file an amended complaint. And because the record on appeal contains no transcript of the hearing on the motions to dismiss, we must presume that Dickens likewise made no such request at the hearing. See *Foutch v. O'Bryant*, 99 Ill. 2d 389, 392 (1984) ("Any doubts which may arise from the incompleteness of the record will be resolved against the appellant."). Dickens first sought leave to file an amended complaint in her motion for reconsideration. That request came too late. Because Dickens had no right to amend her complaint after the entry of final judgment, the circuit court did not abuse its discretion in denying her request for leave to amend. See *FHP Tectonics Corp.*, 2016 IL App (1st) 130291, ¶ 37; *Tomm's Redemption*, 2014 IL App (1st) 131005, ¶ 15.

¶ 13                                        III. CONCLUSION

¶ 14    For the foregoing reasons, we affirm the circuit court's judgment dismissing Dickens' complaint with prejudice and its order denying Dickens' motion for reconsideration.

¶ 15    Affirmed.

¶ 16    PRESIDING JUSTICE GORDON, dissenting:

¶ 17    For the following reasons, I must respectfully dissent from the majority's affirmance of the trial court's order which denied plaintiff the opportunity to file even one amended complaint.

¶ 18    On this appeal, plaintiff concedes that her one and only original complaint, as drafted, was correctly dismissed.  However, she argues that it should not have been dismissed with prejudice and that she should have been allowed to file at least one amended complaint.

¶ 19    Section 2-616(a) of the Code of Civil Procedure provides that "[a]t any time before final judgment amendments may be allowed on just and reasonable terms *** in any matter, either of form or substance, *** which may enable the plaintiff to sustain the claim for which it was intended to be brought." 735 ILCS 5/2-616(a) (West 2018). In addition, Illinois has "a liberal policy of allowing amendments to the pleadings so as to enable parties to fully present their alleged cause of action." *Grove v. Carle Foundation Hospital*, 364 Ill. App. 3d 412, 417 (2006); *Simon v. Wilson*, 291 Ill. App. 3d 495, 508 (1997).

¶ 20    On September 28, 2017, plaintiff filed a complaint alleging, among other things, that defendant Fifth Third recorded a mortgage which was not executed by plaintiff and on which her signature was forged. Defendant Fifth Third has never filed an answer; so it has neither admitted nor denied the forgery. There has also been no discovery concerning Fifth Third's knowledge of the forgery or the circumstances of the signing. Since we must accept all well-pled facts as true, the fact of the forgery is a given at this stage. Both defendants filed motions to dismiss; and on August 28, 2018, plaintiff responded, asking that defendants be ordered to answer. On January 15, 2019, the trial court granted defendants' motions to dismiss and dismissed plaintiff's complaint with prejudice.

¶ 21    On February 14, 2019, plaintiff moved to reconsider and also for leave to amend. Plaintiff clearly articulated that she sought leave to amend, stating: "if the court is convinced that the complaint is in some way deficient, then on that basis the complaint should be dismissed but plaintiff should be accorded leave to amend." Plaintiff repeated: "the [dismissal] Order of January 15, 2019, should be amended and the dismissal should be without prejudice and with leave to file [an] amended complaint." Plaintiff has not filed a single amended complaint, and plaintiff's

counsel admitted that he "was taken aback by the court's [January 15, 2019] ruling *** with no opportunity for leave to file an amended complaint." Plaintiff argued: "[f]iling an amended complaint, permitted by the rules, I believe, is not too much to ask."

¶ 22     In its response to plaintiff's motion, defendant Fifth Third acknowledged that plaintiff had set forth an additional theory of recovery with supporting caselaw.  Defendant AAG did not file a response and there is no evidence in the record that defendant AAG opposed plaintiff's motion in the trial court.  On March 14, 2019, the trial court issued a one-line order, stating: "Plaintiff's Motion to Reconsider is denied."  The order does not provide any reasons and does not state that reasons were provided in open court.  On April 12, 2019, plaintiff filed a timely notice of appeal, and this appeal followed.

¶ 23     I agree with plaintiff's attorney that filing one amended complaint is, indeed, not too much to ask under our state's liberal policy of allowing amendments to the pleadings so as to enable parties to fully present their case.  See *Grove*, 364 Ill. App. 3d at 417.

¶ 24     The majority cites in support *FHP Tectonics Corp. v. American Home Assurance Co.*, 2016 IL App (1st) 130291, ¶ 37.  *Supra* ¶ 12.  However, *FHP* is inapposite.  In *FHP*, the issue was whether an insurance company had a duty to defend; and its resolution depended on a question of law, namely, the interpretation of a single document.  *FHP*, 2016 IL App (1st) 130291, ¶¶ 31-58.  This court found that the plaintiff's legal arguments about both the insurance contract and any claimed prejudice were meritless.  *FHP*, 2016 IL App (1st) 130291, ¶¶ 39-57.  By contrast, in the case at bar, plaintiff has set forth a factual issue, namely, a forgery, and a bank's acquisition of thousands of dollars allegedly based on that forgery—factual issues that must be resolved in her favor at this early stage.  *Marshall v. Burger King Corp.*, 222 Ill. 2d 422, 429 (2006) (in reviewing

the sufficiency of a complaint, we accept as true all well-pleaded facts and all reasonable inferences that may be drawn from those facts, and construe the allegations in the complaint in the light most favorable to the plaintiff).

¶ 25    The primary consideration in deciding whether to grant a motion for leave to amend is whether it would further the ends of justice. *Taylor, Bean & Whittaker Mortgage Corp. v. Cocroft*, 2018 IL App (1st) 170969, ¶ 46.  Any doubts should be resolved in favor of allowing amendments. *Taylor*, 2018 IL App (1st) 170969, ¶ 46.   In the case at bar, where no discovery has occurred and defendants have not filed an answer, defendants would not sustain any prejudice from allowing the 88-year-old plaintiff one amended complaint.  See *Grove v. Carle Foundation Hospital*, 364 Ill. App. 3d 412, 417-18 (2006) (in determining whether to grant leave to amend, courts consider whether the motion would cause surprise or prejudice to the other party).

¶ 26    The majority's entire opinion hangs on the presumption that plaintiff did not seek leave to amend at the dismissal hearing, since "the record on appeal contains no transcript of the hearing on the motion to dismiss." *Supra* ¶ 12.  If plaintiff had made such a request, the majority's sole ground for affirmance would evaporate. This presumption is too narrow a thread on which to hang a denial of plaintiff's one and only request to amend.

¶ 27    For the foregoing reasons, I must respectfully dissent.  I would dismiss the case without prejudice and grant leave to plaintiff to file an amended complaint.