# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*In re Estate of Baumgarten*, 2012 IL App (1st) 112155

---

| | |
|---|---|
| Appellate Court Caption | *In re* ESTATE OF ROBERT L. BAUMGARTEN, Deceased (Craig Baumgarten, Ross Baumgarten, and Karen Sundheim, Petitioners-Appellants, v. Marlene G. Baumgarten and Charles Harris, Respondents-Appellees). |
| District & No. | First District, Third Division<br>Docket No. 1-11-2155 |
| Filed | July 18, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The petition to set aside the will and revocable trust of petitioners' father due to the alleged undue influence of his wife was insufficient to support petitioners' claim that their father's reliance on his wife when he fell ill satisfied the fiduciary relationship element of their undue influence action and they did not allege specific facts showing that their father was dependent on his wife and that she was in a dominant role such that undue influence could occur. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 10-P-2270; the Hon. James G. Riley, Judge, presiding. |
| Judgment | Affirmed. |

| Counsel on Appeal | David A. Novoselsky and Edward J. Stawicki, both of Novoselsky Law Offices, of Chicago, for appellants. |
| --- | --- |
| | Daniel J. Poltasek, Laura A. Brake, and Jonathan S. Sabol, all of Katten Muchin Rosenman LLP, of Chicago, for appellees. |
| Panel | JUSTICE MURPHY delivered the judgment of the court, with opinion. Presiding Justice Steele and Justice Salone concurred in the judgment and opinion. |

**OPINION**

¶ 1    Petitioners, Craig Baumgarten, Ross Baumgarten, and Karen Sundheim, appeal from an order of the circuit court of Cook County dismissing with prejudice their petition to set aside the will and revocable trust of Robert G. Baumgarten. On appeal, petitioners contend dismissal was inappropriate because the petition alleges sufficient facts to state a cause of action for undue influence. For the reasons that follow, the decision of the circuit court is affirmed.

¶ 2                                    BACKGROUND

¶ 3    On April 21, 2011, petitioners filed their first amended petition to set aside the will and trust of Robert L. Baumgarten in the estate of Robert L. Baumgarten, then pending in the circuit court of Cook County. Marlene Baumgarten, as the executor of the will and a trustee of the trust, was designated a respondent, and Charles Harris, as a trustee of the trust, was also designated a respondent. Petitioners assert in their petition that the will and trust admitted to probate were the result of undue influence and should be set aside as a result.

¶ 4    In their petition, petitioners assert that a fiduciary relationship existed between Robert and Marlene, Robert's wife of more than 40 years, during the last years of Robert's life, at which time he was frequently ill. As Robert's health declined, he placed trust and confidence in his wife Marlene because he relied on her to provide him with basic necessities such as transportation, meals, and medications on a day-to-day basis. They further assert that if Marlene did not provide these necessities, Robert would not have received them.

¶ 5    Due to Robert's physical condition, petitioners allege that he was completely dependent on Marlene and easily influenced by her. They contend that Marlene took advantage of this influence by coercing him to give her total control of his finances and estate planning. Petitioners further assert that Marlene caused Robert to surrender to her will by constantly criticizing and scolding him, and as a result of this behavior, caused Robert to amend his trust twice during the last years of his life.

¶ 6    As an example of this criticism, petitioners allege that Marlene made demeaning

comments if Robert forgot to take his medicine; yelled at Robert when he accidentally knocked over a lamp in public; and blamed Robert for loss in value of their finances during the global financial crisis occurring over the several years prior to Robert's death. As a result of this abuse, petitioners claim that Robert was incapable of exerting his own will without fear of further abuse by Marlene. Because Robert placed trust and confidence in Marlene, petitioners contend that she was able to control and influence his mind and actions to the extent that he did whatever she suggested or instructed him to do.

¶ 7    Furthermore, petitioners allege that at Marlene's insistence, Robert was forced to be removed from any further management of his finances and that Robert was unable to resist her instructions. Several years before Robert died, petitioners claim that Robert told his son, Craig, about his financial worth and his plans for his estate. Robert allegedly explained to Craig his intention to give $1 million to each of his children. Despite this intention, petitioners assert that Marlene instructed Robert to amend his estate plan to allow her access to all of the funds in his trust, and that he was unable to resist her instructions. As a result, petitioners allege that Marlene abused the fiduciary relationship between Robert and her.

¶ 8    Finally, petitioners contend that Marlene supplanted her will for that of Robert and succeeded in having him devise and bequeath almost all of his estate to her. At the time of the challenged instruments' making, petitioners allege that Robert was under the undue influence, domination, and control of Marlene, who deprived him of his free will. Petitioners claim that Robert naturally would have devised and bequeathed all of his estate to all of his heirs had Robert been possessed of his own will.

¶ 9    Respondents filed a joint motion under section 2-615 of the Illinois Code of Civil Procedure (735 ILCS 5/2-615 (West 2010)) to dismiss the first amended petition to contest the will of Robert L. Baumgarten and to set aside the Robert L. Baumgarten revocable trust on May 25, 2011. On July 19, 2011, after a hearing on respondents' motion to dismiss, the circuit court entered an order dismissing petitioners' petition with prejudice. Petitioners now appeal from this order.

¶ 10                                                    ANALYSIS

¶ 11    Where a trial court dismisses a complaint for failure to state a cause of action, the standard of review is *de novo*. *Majca v. Beekil*, 183 Ill. 2d 407, 416 (1998). In examining the grant of a motion to dismiss, the reviewing court accepts all well pleaded facts and their inferences as true. *Id.* The reviewing court must also construe the allegations in the complaint in the light most favorable to the plaintiff. *King v. First Capital Financial Services Corp.*, 215 Ill. 2d 1, 11-12 (2005). Thus, a cause of action should be allowed to proceed unless it is "clearly apparent that no set of facts can be proved that would entitle the plaintiff to recovery." *Marshall v. Burger King Corp.*, 222 Ill. 2d 422, 429 (2006). Because Illinois is a fact-pleading jurisdiction, however, the plaintiff must allege sufficient facts to bring a claim within a legally recognized cause of action. *Id.* After stripping the pleading of unsupported conclusions and inferences, sufficient facts must remain to sustain a cause of action. *Anderson v. Vanden Dorpel*, 172 Ill. 2d 399, 408 (1996).

¶ 12    Petitioners contend that the circuit court erred in dismissing their petition because the petition alleges sufficient facts to state a cause of action for undue influence. Respondents

respond that even if the facts alleged are true, they fail to state a cause of action for undue influence.

¶ 13    "Undue" influence means influence that is excessive, improper, or illegal. *In re Estate of Glogovsek*, 248 Ill. App. 3d 784, 792 (1993). The undue influence must be directly connected with the execution of the will or instrument and must be present at the time it was made. *Redmond v. Steele*, 5 Ill. 2d 602, 611 (1955). Further, to constitute undue influence, the influence "must be of such a nature as to destroy the testator's freedom concerning the disposition of his estate and render his will that of another." (Internal quotation marks omitted.) *In re Estate of Hoover*, 155 Ill. 2d 402, 411 (1993).

¶ 14    The *prima facie* elements of a cause of action for undue influence are: (1) a fiduciary relationship between the testator and a comparatively disproportionate beneficiary under the will; (2) a testator who was in a dependent situation where the beneficiary is in a dominant role; (3) a testator who placed trust and confidence in the beneficiary; and (4) a will that was prepared or executed in circumstances where the beneficiary was instrumental or participated. *In re Estate of Julian*, 227 Ill. App. 3d 369, 376 (1991). In Illinois, the general rule is:

> " '[T]he pleading of undue influence in a will contest must contain a specific recital of the manner in which the free will of the testator was impaired at the time the instrument was executed. A mere conclusion that the testator was influenced by the persuasive or dominant nature of one of the beneficiaries is not sufficient.' " (Emphasis omitted.) *In re Estate of Sutera*, 199 Ill. App. 3d 531, 536 (1990) (quoting *Merrick v. Continental Illinois National Bank & Trust Co. of Chicago*, 10 Ill. App. 3d 104 (1973)).

¶ 15    In this case, petitioners' petition fails to allege sufficient facts to support their assertions that: (1) a fiduciary relationship existed between Robert and his wife, Marlene; and (2) Robert was in a dependent situation where Marlene was in a dominant role of the nature required for an undue influence cause of action. Therefore, the circuit court's grant of respondents' motion to dismiss is affirmed.

¶ 16              I. Fiduciary Relationship Between Testator and Beneficiary

¶ 17    A fiduciary relationship is defined as "[a] relationship in which one person is under a duty to act for the benefit of another on matters within the scope of the relationship." Black's Law Dictionary 1402 (9th ed. 2009). A person acts in a fiduciary capacity when the person "handles money or property which is not his or her own, or for his or her own benefit, but for the benefit of the other person." *Glogovsek*, 248 Ill. App. 3d at 792. Such a relationship does not arise solely from marital status. *Pollard v. Pollard*, 12 Ill. 2d 441, 446 (1957). Instead, specific facts and circumstances must be alleged. *Id.* Several factors help determine whether a fiduciary relationship exists. These include the degree of kinship between the parties; the extent to which the "servient" party entrusted the "dominant party" with the handling of its business affairs; and the disparity between the parties' age, health, mental condition and business experience. *Ransom v. A.B. Dick Co.*, 289 Ill. App. 3d 663, 673 (1997).

¶ 18    Initially, petitioners fail to allege any specific facts that demonstrate Marlene was responsible for the management or disposal of any property or money belonging solely to

-4-

Robert. Rather, petitioners allege that Marlene blamed Robert for a loss in value of *their* finances and that he was devastated by her alleged decision to take away his ability to manage *their* finances. Although petitioners do use the term "his" to describe the same finances at other points in the petition, petitioners fail to allege any fact that suggests the couple's monetary property belonged solely to Robert.

¶ 19 Furthermore, petitioners only offer conclusions that a fiduciary relationship existed between Robert and Marlene. The specific alleged facts that petitioners contend are sufficient to show a fiduciary relationship between Robert and Marlene are: (1) Robert was frequently ill during the last years of his life; (2) Marlene provided Robert with basic daily necessities due to his declining health; (3) Robert relied on Marlene for these basic daily necessities such as transportation and meal preparation; (4) Robert was easily influenced by Marlene due to his physical and mental condition; (5) Marlene took advantage of Robert's trust and confidence and coerced him into giving her total control of their finances and the drafting of the challenged will and trust; and (6) the conclusion that Robert's dependence on Marlene created a fiduciary relationship between them.

¶ 20 These facts, when taken as true and in the light most favorable to the petitioners, generally describe a husband relying on his wife during poor health during their later years. Because a fiduciary relationship is not presumed, facts that constitute the existence of a fiduciary relationship must be clearly and explicitly alleged. *Merrick v. Continental Illinois National Bank & Trust Co. of Chicago*, 10 Ill. App. 3d 104, 112 (1973). When stripped of unsupported conclusions, the petitioners fail to allege any facts supporting their assertion that because Robert relied on Marlene, a fiduciary relationship existed between them such that Marlene managed money that was not her own, or for her own benefit, but was for the benefit of Robert alone. Petitioners' conclusion that a fiduciary relationship existed is belied by their failure to offer any precedent supporting their position that a husband who relies on his wife during poor health satisfies the fiduciary relationship element of an undue influence cause of action.

¶ 21                    II. Testator in a Dependent Situation Where
                              Beneficiary Is in a Dominant Role

¶ 22 Even if petitioners had successfully pled the existence of a fiduciary relationship between Robert and Marlene, petitioners' petition further fails to allege sufficient facts that support the second element of a *prima facie* claim for undue influence: a testator who is in a dependent situation where the beneficiary is in a dominant role. The pleading of undue influence must specifically allege the manner in which the free will of the testator was impaired at the time the challenged instrument was executed. *Julian*, 227 Ill. App. 3d at 376. The mere conclusion that the persuasive or dominant nature of the beneficiary influenced the testator is not sufficient. *Sutera*, 199 Ill. App. 3d at 536.

¶ 23 In *Sutera*, the petitioners alleged that the decedent had been suffering from extreme congestive heart failure, which prevented him from understanding the nature of his acts or having the ability to make any rational decisions. *Id.* at 535. Furthermore, they alleged that the decedent was a homosexual person and that the respondent had threatened to expose him unless he agreed to do whatever the respondent wished. *Id.* The combination of these two

factors, it was alleged, resulted in the complete domination over the free will of the decedent and was aimed to compel the decedent to execute a last will and testament in favor of the respondent's daughters. *Id.* However, the court affirmed the dismissal of the petition, finding that "even though decedent's deteriorating physical condition and a specific threat of exposure was alleged, petitioners have not alleged how that threat operated to overcome decedent's free will so that he was induced to execute his will in respondents' favor." *Id.* at 538. Merely alleging that decedent was dominated by the threat of exposure, enhanced by his deteriorating physical condition, is "merely conclusional as to the operation of the alleged threat at the time the will was executed." *Id.*

¶ 24 *In re Estate of Glogovsek*, 248 Ill. App. 3d 784 (1993), is also instructive on the type of facts which must be alleged to support a cause of action for undue influence. There, the court recognized that "[t]he law does not and should not presume *** undue influence *** because the spouse has been able throughout the marriage to have considerable influence on her spouse." *Id.* at 792. Otherwise, the closer a spouse is to his or her mate, the stronger a claim would be that the spouse is "excessively, improperly, and illegally influencing the testator." *Id.* Although *Glogovsek* was an appeal from a ruling in a bench trial, it still provides a useful example of what facts must be alleged to support a cause of action for undue influence. The court found that although the testator's health was deteriorating and he was characterized as withdrawn and disinterested, these facts did not give rise to an inference that the testator's wife dominated him. *Id.* at 796. Furthermore, the fact that the wife provided transportation and did the shopping, laundry, and cooking failed to give rise to the inference that the wife was wrongfully gaining influence over the testator. *Id.*

¶ 25 Petitioners in the instant case have failed to allege specific facts demonstrating that Marlene was in a dominant role, where Robert was in a dependent situation such that undue influence could occur. Petitioners argue that providing Robert with transportation, preparing his meals, and administering medical procedures are facts which demonstrate Marlene's dominant role. Additionally, petitioners allege that Marlene verbally abused Robert when he forgot to take his medicine and knocked over a lamp in public, along with belittling comments about the loss in value of their finances.

¶ 26 However, none of these alleged facts rise even to the level found insufficient in *Sutera* and *Glogovsek*. If these alleged facts were enough to satisfy the required element that Robert was in a dependent situation where Marlene was in a dominant role, then any marriage where a wife or husband takes care of his or her spouse in bad health or becomes verbally upset with his or her spouse would also meet this requirement. Petitioners have had repeated opportunities to plead sufficient facts to sustain a cause of action. Instead of alleging specific facts that indicate Marlene gained an *undue* influence over Robert, petitioners' petition contains mere conclusions that Robert was influenced by Marlene's dominant nature during the last years of Robert's life. This does not meet the requirement for pleading undue influence in Illinois. See *Julian*, 227 Ill. App. 3d at 376; *Sutera*, 199 Ill. App. 3d at 538.

¶ 27 Petitioners rely on *In re Estate of Lipchick*, 27 Ill. App. 3d 331 (1975), in support of their claim. *Lipchick* involved sisters of a decedent who brought a claim to set aside a will on grounds of fraud and undue influence. *Id.* at 333. Although the pleadings were not plain or concise, the reviewing court held the complaint contained the essential elements of the cause of action, thus finding that the trial court inappropriately granted dismissal. *Id.* at 334.

However, *Lipchick* does not provide any detail of the alleged facts or any analysis as to what facts are sufficient to support a cause of action for undue influence. Instead, the *Lipchick* court found, without discussion, that dismissal of the complaint was inappropriate. *Id.* Thus, it provides no support for petitioners in the instant case. Because petitioners have failed to allege sufficient facts to demonstrate Robert was in a dependent situation where Marlene was in a dominant role for purposes of an undue influence cause of action, they have also failed to satisfy the second element.

¶ 28       Because we hold that petitioners have failed to satisfy the pleading requirements for the first two elements of a *prima facie* claim for undue influence, consideration of the other elements is unnecessary and would be strictly advisory (*In re Nancy A.*, 344 Ill. App. 3d 540, 548 (2003)), and we therefore conclude that the circuit court did not err in granting respondents' motion to dismiss.

¶ 29                                    CONCLUSION

¶ 30       For the foregoing reasons, we affirm the circuit court's dismissal of petitioners' petition.

¶ 31       Affirmed.