NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2022 IL App (4th) 210039-U

NO. 4-21-0039

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
June 6, 2022
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| *In re* ESTATE OF HELEN REYNOLDS, Deceased | ) | Appeal from the |
| | ) | Circuit Court of |
| (Kirk Reynolds, | ) | Logan County |
|    Plaintiff-Appellant, | ) | No. 18P35 |
|    v. | ) | |
| Michael K. Reynolds, Executor, | ) | |
| Jennifer M. Coleman, Michelle R. Dixon, Jason | ) | Honorable |
| Retinger, and Karen S. Retinger, | ) | Jonathan C. Wright, |
|    Defendants-Appellees). | ) | Judge Presiding. |

JUSTICE DeARMOND delivered the judgment of the court.
Presiding Justice Knecht and Justice Turner concurred in the judgment.

**ORDER**

¶ 1  *Held*: The appellate court affirmed, finding the trial court did not abuse its discretion
   by denying plaintiff's motion for leave to file a second amended petition
   to contest the validity of the decedent's will.

¶ 2    Helen Reynolds died in January 2018, leaving a will which bequeathed her estate

to four family members, namely her son, Michael K. Reynolds, and three of her grandchildren,

Jennifer M. Coleman, Michelle R. Dixon, and Jason N. Retinger. Helen's will expressly

disinherited three other family members, including her grandson, plaintiff Kirk Reynolds. In

March 2019, Kirk filed a petition to contest the validity of Helen's will. Defendant Michael K.

Reynolds, as executor of Helen's estate, moved to dismiss the petition pursuant to section

2-619.1 of Illinois's Code of Civil Procedure (Code) (735 ILCS 5/2-619.1) (West 2018)). The

trial court granted Michael's motion and struck the petition, but it granted Kirk leave to file an amended petition.

¶ 3        In June 2019, Kirk filed a first amended petition and Michael again filed a section 2-619.1 motion, seeking either dismissal or summary judgment. The trial court bifurcated Michael's motion and held a hearing on only the section 2-615 motion-to-dismiss portion in September 2019 (see 735 ILCS 5/2-615 (West 2018)). Following arguments from counsel, the trial court granted the motion to dismiss and struck the first amended petition. The trial court, however, informed Kirk he could file a motion for leave to file a second amended petition.

¶ 4        A few weeks later, Kirk moved for leave to file another amended petition along with a proposed second amended petition. At an October 2019 hearing, the trial court heard arguments from the parties and took the matter under advisement. On December 10, 2019, the trial court issued an order and memorandum decision denying Kirk's motion, finding the proposed second amended petition failed to cure pleading defects and, therefore, failed to sufficiently plead a cause of action. Kirk then filed motions to vacate and reconsider, which the trial court eventually denied.

¶ 5        On appeal, Kirk argues the trial court erred in denying his motion for leave to file a second amended petition because it sufficiently stated causes of action. We affirm.

¶ 6                                I. BACKGROUND

¶ 7        Helen died on January 14, 2018, and left a will dated August 28, 2009. In May 2018, Michael filed a petition for probate of the will and for letters testamentary. Helen's will bequeathed her estate to her son, Michael, and three grandchildren, Jennifer, Michelle, and Jason. The will expressly excluded Kirk from inheriting from the estate. The trial court admitted the will to probate.

¶ 8    In March 2019, Kirk filed a petition to contest the validity of Helen's will. The petition alleged Helen lacked testamentary capacity because she was under a guardianship and the guardian of her person, Michael Reynolds, "engaged in various acts and practices affecting Helen ***, and he made false representations to [her] for the purpose of improperly controlling, dominating and misleading her and unduly influencing her and wrongfully inducing her to execute the purported will." The petition further alleged Michael, "[i]n his capacity as fiduciary, *** acted to procure [Helen's] purported will of which effectively excludes [Kirk] as a beneficiary." The petition ultimately alleged Michael Reynolds's actions "deprived [Helen] of her free agency in the making of the purported will and was wrongfully induced to make it." Michael moved to dismiss the petition pursuant to section 2-619.1 of the Code. Following a May 2019 hearing, the trial court found the pleadings in Kirk's petition insufficient and, therefore, granted the section 2-615 portion of Michael's motion to dismiss and struck the petition. The trial court, however, granted Kirk leave to file an amended petition.

¶ 9    In June 2019, Kirk filed a first amended petition. Unlike the March 2019 petition, this petition challenged Helen's 2009 will through two counts: (1) undue influence and (2) wrongful interference with an expectancy. In terms of relief, the petition requested that Helen's 2009 will be set aside, her estate be distributed to her heirs at law, and damages be awarded in the amount of $150,000. Michael, on behalf of all the named defendants, filed another section 2-619.1 combined motion seeking either dismissal pursuant to sections 2-615 or 2-619(a)(9) of the Code or summary judgment pursuant to section 2-1005 of the Code (see 735 ILCS 5/2-1005 (West 2018)).

¶ 10    In an August 2019 hearing, the trial court divided Michael's combined motion into three separate parts, a section 2-615 motion to dismiss, a section 2-619 motion to dismiss,

and a section 2-1005 motion for summary judgment. It heard arguments on the section 2-615 motion in September 2019 and rendered its decision on the record. The trial court noted it must determine whether Kirk's petition "has alleged sufficient facts *** that if proved would entitle [him] to relief." The trial court found the petition contained the following well-pleaded facts:

> "So, as the Court looks at the well-pled facts, the well-pled facts are that Helen Reynolds passed away on January 14, 2018. That there is a will purporting to be that Helen Reynolds dated August 28, 2009. That as of January 6, 2006, Michael Reynolds was appointed guardian of the person. That sometime thereafter, he made efforts by directing the staff at the nursing home not to allow *** Kirk Reynolds inside to see her. That she wished to see him. And that in January of 2006, he accompanied Helen Reynolds to the office and participated in the conversations that led to the will."

The trial court determined "that looking at those facts alone, that would not entitle Plaintiff to relief." The trial court noted Kirk's counsel argued additional factual information not contained in the petition but explained it could not consider those facts, even though "they make for good argument." The trial court then granted the section 2-615 motion as to count I.

¶ 11        Before moving on to count II, the trial court decided to "touch on the fiduciary presumption" in count I. The court acknowledged Kirk's petition invoked and relied upon the fiduciary presumption, but it noted how case law instructs that one factor necessary for establishing the fiduciary presumption "is that the testator is the dependent and the beneficiary is the dominant party." The court went on to explain:

> "The Court interprets that to mean something more than the

existence of fiduciary like here. There would not be any need to
have that as a separate and distinct fact to allege or to show by way
of evidence for the presumption. Again, there's reference to the
person receiving a substantial benefit from the will. Again, I know
we're dealing with a presumption which is an evidentiary issue.
But there's no allegation of that in this complaint as it relates to
Count 1."

¶ 12    The trial court then turned its attention to count II and noted case law requires "there has to be reasonable certainty of an expectation alleged" to properly plead interference with an expectancy. While the court found the petition's count II contained well-pleaded facts regarding Helen's date of death, her 2009 will, and the guardianship, it determined it did not contain "sufficient facts alleged to state a reasonable certainty of an expectation in having an inheritance." The trial court, therefore, granted the section 2-615 motion to dismiss as to count II.

¶ 13    Though Michael's counsel asked the petition be dismissed with prejudice, the trial court, in an exercise of its discretion, "allow[ed] time for the Plaintiff to file a motion for leave to file an amended *** petition." The trial court instructed Kirk's counsel he had 21 days to file the motion and should attach a proposed second amended petition to the motion. The trial court likewise informed opposing counsel he could file an objection to the motion, which would be "kind of a back door 2-615 motion, at this point to see if the petition cures the defect stated by the Court today."

¶ 14    Kirk timely filed a barebones motion for leave to file an amended petition and attached thereto a proposed second amended petition which included additional factual allegations not included in earlier iterations. The second amended petition alleged times prior to

2006 when Michael Reynolds took money from Helen without her permission, or would ask her for money, or ask her to give him farmland because he deserved it. The petition alleged Michael's behavior caused Helen to leave him out of her initial estate plans. Concerning the Helen Reynolds Trust, the petition alleged Kirk had been named a lifetime income beneficiary in the first two iterations of the trust. The third version of the trust named one hospital and three schools as beneficiaries. Not until the fourth and final version of the trust, dated the same date as the August 2009 will, were Michael and other family members (except Kirk) named as trust beneficiaries. The second amended petition further alleged, unlike before, that "[p]rior to and at the time of the making of the will, Michael was guardian of the Helen's person [*sic*], and he stood in a fiduciary relationship to her, in which he was the dominant party and Helen was the dependent party."

¶ 15        Kirk's second amended petition pleaded many of the same factual allegations included in his prior petitions: Helen did not want Michael to be her guardian; Michael used the guardianship and the protection order to keep Kirk away from Helen; Michael used the guardianship and protection order to prevent Helen from leaving the nursing home, even for brief visits to her home or farm or a friend's home; Michael accompanied Helen to her attorney's office and participated in conversations about her will and trust documents in August 2009; and Michael maintained his guardianship of Helen longer than necessary in order to disinherit Kirk. The second amended petition contended these factual allegations (old and new) supported both count I (undue influence) and count II (tortious interference with an expectancy).

¶ 16        Michael opposed the motion for leave to file another amended petition, arguing Kirk failed to make the necessary showing to further amend his petition. Specifically, the opposing memo claimed: (1) the second amended petition failed to cure the pleading defects in

earlier versions, (2) amendment would prejudice Michael and the other defendants, (3) the amendment was not timely, and (4) Kirk has already had opportunities to file a sufficient pleading. Michael's opposition placed great significance on facts surrounding Kirk's failure to oppose the guardianship and protection order, arguing the doctrines of *laches* and collateral estoppel prevented Kirk from arguing Michael kept Kirk away from Helen when he did not oppose those orders.

¶ 17 Following an October 2019 hearing, the trial court took the matter under advisement. Two months later the trial court issued an order denying Kirk leave to file a second amended complaint, finding Kirk's proposed amendment did not cure the defective pleading. As to count I, the trial court found the second amended petition sufficiently pleaded one required element for an undue-influence claim, namely, the existence of a fiduciary relationship. In contrast, the court found the amended petition did "not sufficiently allege that the testatrix, Helen Reynolds, was dependent upon Michael Reynolds, beneficiary, and that Michael Reynolds was in a dominant role over Helen Reynolds at the time the will was made August 28, 2009." The trial court further found the amended petition failed to "allege sufficient facts that Helen Reynolds placed trust and confidence in Michael Reynolds." In fact, the trial court found the amended petition did just the opposite, observing how the allegation "that Helen Reynolds protested against Michael Reynolds being her guardian *** suggests [she] did not place her trust and confidence in [him]." The trial court further found the proposed amendment failed to include specific facts alleging the manner in which the free will of the testator (Helen) was impaired at the time of the execution of the will.

¶ 18 As for count II, the trial court determined the amended petition sufficiently alleged Kirk's expectancy interest; however, the petition did "not sufficiently allege that Michael

intentionally acted to interfere with [Kirk's] expectancy." The trial court concluded, "[t]he involvement of an independent court ordering the guardianship and the restraining order do not allow for a reasonable inference that the actions were taken for the purpose of altering the estate plans of Helen Reynolds." The trial court next determined the amended petition did not sufficiently plead tortious conduct by Michael Reynolds, namely undue influence, fraud, or duress. The trial court's order noted: "In this case, [Kirk] has been afforded three opportunities to state a cause of action. Regarding this proposed Second Amended Complaint [*sic*], there is no cause of action that can be stated if even [Kirk's] Motion is granted."

¶ 19          Kirk timely filed motions to vacate and reconsider the December 2019 order, which the trial court eventually denied. The trial court determined the motions were not based on newly discovered evidence or changes in the law but alleged errors in the order. The court found the motion unpersuasive and relied upon its earlier findings.

¶ 20          This appeal followed.

¶ 21                                II. ANALYSIS

¶ 22          Kirk argues the trial court erred in denying his motion for leave to file a second amended petition because the proposed petition sufficiently stated causes of action. We disagree.

¶ 23          "Illinois law supports a liberal policy of allowing amendments to the pleadings so as to enable parties to fully present their alleged cause or causes of action." *Grove v. Carle Foundation Hospital*, 364 Ill. App. 3d 412, 417, 846 N.E.2d 153, 157 (2006). For example, section 2-616(a) of the Code gives trial courts discretion to allow parties to amend the pleadings at any time before final judgment. 735 ILCS 5/2-616(a) (West 2018) (stating "amendments may be allowed on just and reasonable terms"). "Litigants, however, have no absolute right to amend their [pleadings]." *Grove*, 364 Ill. App. 3d at 417. Parties seeking leave to amend the pleadings

bear the burden of showing amendments would be just and reasonable. See *Devyn Corp. v. City of Bloomington*, 2015 IL App (4th) 140819, ¶ 89, 38 N.E.3d 1266. When considering a motion to amend the pleadings, a trial court must consider the following: ' "(1) whether the proposed amendment would cure the defective pleading; (2) whether other parties would sustain prejudice or surprise by virtue of the proposed amendment; (3) whether the proposed amendment is timely; and (4) whether previous opportunities to amend the pleading could be identified.' " *Devyn*, 2015 IL App (4th) 140819, ¶ 89 (quoting *Loyola Academy v. S&S Roof Maintenance, Inc.*, 146 Ill. 2d 263, 273, 586 N.E.2d 1211, 1215-16 (1992)). "The overriding concerns, however, are justness and reasonableness." *In re Estate of Hoover*, 155 Ill. 2d 402, 416, 615 N.E.2d 736, 742 (1993). Absent an abuse of discretion, we will not reverse a trial court's ruling on a motion for leave to amend a pleading. *Devyn*, 2015 IL App (4th) 140819, ¶ 88.

¶ 24 Here, Kirk sought leave to file a second amended petition contesting his grandmother's will. The trial court denied him leave based on the first factor listed in *Devyn* — the proposed amended petition failed to cure the defective prior pleadings. The trial court specifically found the second amended petition lacked enough well-pleaded facts to sufficiently plead causes of action for both counts, presumption of undue influence and tortious interference with an expectancy. We will take each count in turn. But before wading into these specific causes of action, we must first review basic pleading requirements.

¶ 25 "Because Illinois is a fact-pleading jurisdiction, a plaintiff is required to set forth a legally recognized claim and plead facts in support of each element that bring the claim within the cause of action alleged." (Internal quotation marks omitted.) *Dupree v. Hardy*, 2011 IL App (4th) 100351, ¶ 22, 960 N.E.2d 1. When reviewing a complaint or petition that has been challenged by a section 2-615 motion to dismiss, "the court must accept as true all well-pleaded

- 9 -

facts in the complaint, as well as any reasonable inferences that may arise from those facts." *Grant v. State*, 2018 IL App (4th) 170920, ¶ 12, 110 N.E.3d 1089. " 'Well-pleaded facts' is a term that stands in contrast to 'conclusions.' " *Pickel v. Springfield Stallions, Inc.*, 398 Ill. App. 3d 1063, 1066, 926 N.E.2d 877, 882 (2010). A plaintiff's petition "need not itemize the evidence supporting the claim," but it must contain well-pleaded facts and "not bare conclusions." *Pickel*, 398 Ill. App. 3d at 1066.

¶ 26                              A. Presumption of Undue Influence

¶ 27          One ground for contesting a will is undue influence. " 'What constitutes undue influence cannot be defined by fixed words and will depend upon the circumstances of each case. [Citation.] The exercise of undue influence may be inferred in cases where the power of another has been so exercised upon the mind of the testator as to have induced him to make a devise or confer a benefit contrary to his deliberate judgement and reason [Citation.]' " *DeHart v. DeHart*, 2013 IL 114137, ¶ 27, 986 N.E.2d 85 (quoting *Hoover*, 155 Ill. 2d at 411).

¶ 28          Illinois law provides for a presumption of undue influence in some circumstances. "It is well settled that a presumption of undue influence will arise *** where (1) a fiduciary relationship exists between the testator and a person who receives a substantial benefit from the will, (2) the testator is the dependent and the beneficiary the dominant party, (3) the testator reposes trust and confidence in the beneficiary, and (4) the will is prepared by or its preparation procured by such beneficiary." *DeHart*, 2013 IL 114137, ¶ 30. Kirk's three petitions relied upon this presumption and attempted to properly plead it; however, the trial court concluded each time that Kirk failed to plead sufficient facts to sustain the cause of action. Relevant here is Kirk's proposed second amended petition, which the trial court determined failed to plead sufficient facts to support the second and third elements for the undue influence presumption—*i.e.*, that

Helen was the dependent and Michael the dominant party in their relationship and Helen reposed trust and confidence in Michael.

¶ 29 Concerning the second element of undue influence, a dominant beneficiary and dependent testatrix, Kirk's proposed amended petition alleged: "Prior to and at the time of the making of the will, Michael was guardian of the Helen's person, and he stood in a fiduciary relationship to her, in which he was the dominant party and Helen was the dependent party." The trial court found this allegation "conclusory and *** not a well-pleaded fact." We agree with the trial court because the allegation lacks specific facts demonstrating the dominant-dependent relationship between Michael and Helen. See *In re Estate of Baumgarten*, 2012 IL App (1st) 112155, ¶ 22, 975 N.E.2d 651 ("The mere conclusion that the persuasive or dominant nature of the beneficiary influenced the testator is not sufficient.").

¶ 30 From our review of the record, it appears Kirk conflates the first two elements for the undue-influence presumption, meaning he seems to equate a fiduciary relationship with a dominant-dependent relationship. In other words, according to Kirk, if there is a fiduciary relationship like the guardianship here where Michael was Helen's guardian, then Michael necessarily dominates the dependent Helen. Case in point is the appellant's brief, which addresses the first two elements under the same heading, "There was a fiduciary relationship between Helen and Mike." More importantly, though, at the September 2019 hearing where the trial court dismissed Kirk's first amended complaint, it paused to comment on the second element for the undue influence presumption, saying:

> "The second factor analyzed in the *DeHart* case is that the testator is the
> dependent and the beneficiary is the dominant party. The Court interprets that to
> mean something more than the existence of fiduciary like here. There would not

- 11 -

be any need to have that as a separate and distinct fact to allege or to show by way of evidence for the presumption."

The trial court went on to note there was no allegation of a dominant-dependent relationship between Michael and Helen. Despite such guidance, Kirk's proposed second amended petition did not cure that defect. To the extent the petition alleged that as Helen's guardian Michael controlled where she lived and kept Kirk from her, those do not relate specifically to the drafting of the August 2009 will or show Michael dominated the dependent Helen at that time to secure a larger inheritance. See *Baumgarten*, 2012 IL App (1st) 112155, ¶ 22 ("The pleading of undue influence must specifically allege the manner in which the free will of the testator was impaired at the time the challenged instrument was executed."). Since the proposed second amended petition pleaded only a conclusory allegation regarding the dominant-dependent relationship element for undue influence, it did not sufficiently cure the pleading defect. See *Pickel*, 398 Ill. App. 3d at 1066 (stating a pleading "must allege facts sufficient to comprise a legally recognized cause of action, not bare conclusions").

¶ 31    As for the third element for undue influence presumption, the trial court found the proposed second amended petition failed to allege sufficient facts that Helen placed her trust and confidence in Michael. In fact, the trial court found the petition did the opposite when it alleged "Helen Reynolds protested against Michael Reynolds being her guardian." The trial court was right. There are no factual allegations in the petition that Helen put her trust and confidence in Michael. The appellant's brief, however, contends "the issue of trust and confidence [is] established by the very nature of the guardian-ward relationship." Kirk again conflates this element with the fiduciary relationship. For purposes of the undue influence presumption, the testator's trust and confidence in the beneficiary cannot be presumed from the mere existence of

a fiduciary relationship between them.

¶ 32    The proposed second amended petition did not cure the pleading defects because it did not allege well-pleaded facts to show Helen was the dependent and Michael the dominate party in their relationship, nor did it allege well-pleaded facts that Helen reposed trust and confidence in Michael. See *DeHart*, 2013 IL 114137, ¶ 30. Consequently, the trial court did not abuse its discretion in denying the motion for leave to amend because Kirk did not satisfy the first of four considerations for such motions. See *Devyn*, 2015 IL App (4th) 140819, ¶ 89. Since Kirk failed to cure pleading defects in count I, we need not consider the remaining three factors *Devyn* outlines for motions for leave to amend. See *I.C.S. Illinois, Inc. v. Waste Management of Illinois, Inc.*, 403 Ill. App. 3d 211, 220, 931 N.E.2d 318, 325 (2010) (" '[I]f the proposed amendment does not state a cognizable claim, and thus, fails the first factor, courts of review will often not proceed with further analysis.' ") (quoting *Hayes Mechanical, Inc. v. First Industrial, L.P.*, 351 Ill. App. 3d 1, 7, 812 N.E.2d 419, 424 (2004)).

¶ 33                    B. Tortious Interference With an Expectancy

¶ 34    Illinois law provides that "[o]ne who by fraud, duress or other tortious means intentionally prevents another from receiving from a third person an inheritance or gift that he otherwise would have received is subject to liability to the other for the loss." *DeHart*, 2013 IL 114137, ¶ 39. "To recover for tortious interference with an economic expectancy, the plaintiff must establish the following: (1) existence of his expectancy; (2) defendant's intentional interference therewith; (3) tortious conduct such as undue influence, fraud or duress; (4) a reasonable certainty that the expectancy would have been realized but for the interference; and (5) damages." *DeHart*, 2013 IL 114137, ¶ 39.

¶ 35    The trial court determined Kirk's second amended complaint, specifically, the

allegations he had been named a lifetime income beneficiary in the first two iterations of the Helen Reynolds Trust, sufficiently pleaded an expectancy interest. However, it concluded the petition failed to sufficiently plead the remaining elements, particularly intentional interference with the expectancy and tortious conduct. Concerning the former element, the trial court noted, "[a] court ordered guardianship and a court ordered restraining order are not facts of intentional interference with an expectancy" because those required "a factual basis to issue the order[s]." The trial court went on to explain, "[t]he involvement of an independent court ordering the guardianship and the restraining order do not allow for a reasonable inference that actions were taken for the purpose of altering the estate plans of Helen Reynolds." As for the latter element (tortious conduct), the trial court relied on its analysis in count I. Since count I failed to state a claim for undue influence, count II necessarily failed to sufficiently allege undue influence as the tortious conduct from Michael. We agree.

¶ 36       The appellant's brief cites no authority attacking these determinations. It steadfastly maintains it sufficiently pleaded all the necessary elements for count II because there was a fiduciary relationship between Michael and Helen and Helen subsequently changed her estate plans. As before, we find such an argument unconvincing because it disregards the applicable law and relies instead upon the fallacy of false cause. Again, Kirk relies on the existence of the guardianship as *ipso facto* proof of intentional tortious interference with Kirk's expected inheritance—because Michael became guardian of Helen's person in 2006 and Helen changed her estate plans after that, then Michael must have intentionally and tortiously acted to cause those changes. Kirk directs our attention to no case law to support his reasoning, leaving us to presume none exists for this context because we will not do his legal research for him. See *Obert v. Saville*, 253 Ill. App. 3d 677, 682, 624 N.E.2d 928, 931 (1993) ("A reviewing court is

- 14 -

entitled to have issues clearly defined with pertinent authority cited and cohesive arguments presented [citation], and it is not a repository into which an appellant may foist the burden of argument and research."). Ultimately, Kirk's allegations that Michael was guardian of Helen's person and attended the 2009 meeting where she signed her estate plans do not sufficiently allege intentional tortious conduct. Since these allegations amount to conclusions and not well-pleaded facts, it did not cure the pleading defects. See *Pickel*, 398 Ill. App. 3d at 1066. The trial court, therefore, did not abuse its discretion in denying Kirk leave to file a second amended petition. *Devyn*, 2015 IL App (4th) 140819, ¶¶ 88-89.

¶ 37                                   III. CONCLUSION

¶ 38          For the reasons stated, we affirm the trial court's judgment.

¶ 39          Affirmed.